**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**WASTE PRO USA, INC.,**

**Plaintiff,**

**v.** **CASE NO. 3:22-cv-16633-MCR-ZCB**

**ADAMS SANITATION HOLDING COMPANY, LLC, et al.,**

**Defendants.**

**_______________________________/**

# ORDER

Plaintiff Waste Pro USA, Inc. ("Waste Pro") filed suit against Defendants Adams Sanitation Holding Company, LLC, and The Main Street Land Title Company, Inc. (collectively "Defendants") over a trademark. Pending is Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). ECF No. 12. On consideration, the Motion to Dismiss is denied.

Waste Pro and its subsidiaries provide waste management services throughout the Southeastern United States. Adams Sanitation Holding Company, LLC ("Adams") provides waste management services in the Florida panhandle and is a direct competitor of Waste Pro. For over twenty years, Waste Pro has owned and used in commerce the trademark "Waste Pro," USPO Registration No. 2649424,

("Trademark"). ECF No. 1. Through its owner Crystal M. Boyles, Adams owns and operates a website with the domain name "DumpWastePro.com" that includes a compilation of media posts about Waste Pro and a link to the Adams website. *Id.* at 4-5.

Waste Pro alleges that through the website DumpWastePro.com, Defendants have been using the Trademark without authorization to "deliberately redirect customers of Waste Pro to the negative posts about Waste Pro and to Adams' services." *Id.* at 6. Waste Pro alleges that Defendants "knowingly and intentionally" created the DumpWastePro.com domain because of its similarity to the Trademark. *Id.* at 8. Additionally, Defendants have been deceiving Waste Pro's potential and current customers by utilizing the same color scheme on the DumpWastePro.com website as Waste Pro uses for its Trademark. *Id.* at 6.

As a result, Waste Pro filed a seven-count complaint against Defendants including claims for cybersquatting, federal and common law trademark infringement and unfair competition, federal trademark dilution, and civil conspiracy. *Id.* In their motion, the Defendants argue that the case should be dismissed because (1) the complaint "fails to state a claim for any form of trademark infringement under the Lanham Act or state law;" (2) nominative fair use cannot support Waste Pro's infringement claims; and (3) the claims are barred by Florida's

anti-SLAPP statute, Fla. Stat. § 768.295. ECF No. 12 at 17.

A motion pursuant to Rule 12(b)(6) seeks dismissal of the complaint for "failure to state a claim upon which relief can be granted." When considering a motion to dismiss on this basis, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *See Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1303 (11th Cir. 2008). The allegations of the complaint must "state a claim to relief that is plausible on its face" when viewed in this manner. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, the allegations in the complaint must set forth enough facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Legal conclusions must be supported by factual allegations, and the tenet that allegations of the complaint must be accepted as true does not apply to legal conclusions. *See Iqbal*, 556 U.S. at 678; *Chandler v. Secretary of Fla. Dept. of Transp.*, 695 F.3d 1194, 1199 (11th Cir. 2012). As a rule, courts do "not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss," unless the complaint references a document that is "central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss." *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007).

### *A. Trademark Infringement*

The Court finds that Waste Pro has asserted plausible trademark infringement claims under both the Lanham Act and Florida common law.[1] *See* 15 U.S.C. §§ 1114(1), 1125(a). To prove trademark infringement, "a plaintiff must show (1) that the plaintiff had enforceable trademark rights in the mark or name, and (2) that the defendant made unauthorized use of it such that consumers were likely to confuse the two." *Custom Mfg. & Eng'g, Inc., v. Midway Servs., Inc.*, 508 F.3d 641, 647 (11th Cir. 2007) (citation and quotation omitted); *Crystal Entm't & Filmworks Inc. v. Jurado*, 643 F.3d 1313, 1323 (11th Cir. 2011) ("The touchstone of liability in a trademark infringement action is . . . whether such use is likely to cause consumer confusion."). The Eleventh Circuit considers seven factors in determining whether a likelihood of confusion exists: "(1) the strength of the allegedly infringed mark;

---

[1] The Motion to Dismiss only cites to 15 U.S.C. § 1125(a) when discussing the trademark infringement claims; however, "the analysis of the Florida statutory and common law claims of trademark infringement and unfair competition is the same as under the federal trademark infringement claim[.]" *Custom Mfg. & Eng'g, Inc., v. Midway Servs., Inc.*, 508 F.3d 641, 647 (11th Cir. 2007) (citation and quotation omitted); *see also Caliber Auto. Liquidators, Inc. v. Premier Chrysler, Jeep, Dodge, LLC*, 605 F.3d 931, 935 n.16 (11th Cir. 2010) ("The likelihood of confusion test applies to both causes under the Lanham Act—infringement and false designation of origin."); *Tana v. Dantanna's*, 611 F.3d 767, 773 n.5 (11th Cir. 2010) ("The factors relevant to [15 U.S.C. § 1125(a)] are identical to the factors relevant to establishing a likelihood of confusion with respect to trademark infringement under 15 U.S.C. § 1114." (citing *Ross Bicycles, Inc. v. Cycles USA*, Inc., 765 F.2d 1502, 1503-04 (11th Cir.1985))).

(2) the similarity of the infringed and infringing marks; (3) the similarity of the goods and services the marks represent; (4) the similarity of the parties' trade channels and customers; (5) the similarity of advertising media used by the parties; (6) the intent of the alleged infringer to misappropriate the proprietor's good will; and (7) the existence and extent of actual confusion in the consuming public." *Fla. Int'l Univ. Bd. of Trustees v. Fla. Nat'l Univ., Inc.* ("*Florida International*"), 830 F.3d 1242, 1255 (11th Cir. 2016) (citing *Tana v. Dantanna's*, 611 F.3d 767, 774-75 (11th Cir. 2010)).

First, it is undisputed that Waste Pro has an enforceable trademark right. ECF No. 18 at 3 ("Waste Pro owns the registered trademark 'Waste Pro' through Registration No. 2649424, issued November 12, 2002."). Second, Waste Pro has alleged sufficient facts to plausibly suggest a likelihood of consumer confusion by alleging that the Defendants substantially similar mark confused the public.[2] *See, e.g., GlobalTranz Enterprises, LLC v. GlobalTransservice Corp.*, No. 20-62519-CIV, 2021 WL 1151417, at *4 (S.D. Fla. Mar. 26, 2021) (denying a motion to dismiss after finding sufficient allegations of a likelihood of consumer confusion).

[2] Because of "the fact-intensive nature of the likelihood of confusion inquiry," some courts choose not to "consider the likelihood of confusion [inquiry] until evidence has been presented at the summary judgment stage." *Pyure Brands, LLC v. Nascent Health Sci. LLC*, No. 1:18-cv-23357-UU, 2019 WL 7945226, at *8 (S.D. Fla. Mar. 4, 2019).

Waste Pro has alleged facts indicating that the two companies are competitors with similar customers. *Florida International*, 830 F.3d at 1291-92 (discussing the "similarity of products" used in the likelihood of confusion analysis). Waste Pro also alleges that Defendants were aware of the Trademark but intentionally created a similar mark and used a similar color scheme to confuse the public. Furthermore, Waste Pro alleges that Defendants' use of the Trademark has led to customer confusion, "profit[ing] from this intentional deception related to DumpWastePro.com in the stream of commerce by signing upon customers who are directed to the Adams' website through the link on DumpWastePro.com." ECF No. 1 at 14.

The Court is not persuaded by the Defendants' argument that their use of the Trademark is protected by the nominative fair use doctrine which may be a defense to trademark infringement claims.[3] Nominative fair use applies when a "defendant has used the plaintiff's mark to describe the plaintiff's product for the purposes of . . . comparison to the defendant's product." *Parsons v. Regna*, 847 F. App'x 766, 773 (11th Cir. 2021) (quoting *Commodores Entm't Corp. v. McClary*, 314 F. Supp. 3d

[3] The Eleventh Circuit has not "adopt[ed] a position about the viability of the nominative fair-use doctrine as a defense to trademark infringement[.]" *Parsons v. Regna*, 847 F. App'x 766, 773 n.13 (11th Cir. 2021) (quoting *Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 155 (4th Cir. 2012)).

1246, 1249 (M.D. Fla. 2018)). To establish nominative fair use, a defendant must show that "(1) [using] the plaintiff's mark is necessary to identify plaintiff's product; (2) in doing so defendant does not use more of plaintiff's mark than necessary; and (3) the defendant's conduct or language reflect[s] the true and accurate relationship between plaintiff and defendant's products or services." *Microsoft Corp. v. Guirguis*, No. 20-cv-24514, 2022 WL 1664181, at *5 (S.D. Fla. Mar. 30, 2022) (quoting *TracFone Wireless, Inc. v. Clear Choice Connections, Inc.*, 102 F. Supp. 3d 1321, 1326 (S.D. Fla. 2015)). Here, the nominative fair use defense is not apparent on the face of Waste Pro's complaint, and the Defendants have not provided any reasons why their use of the Trademark establishes nominative fair use. Regardless, the Court declines to decide the issue of nominative fair use at the "motion to dismiss stage . . . [because the] resolution of the issue depends, in part, on a determination of whether a likelihood of confusion exists, and that is a question of fact." *Pergo (Eur.) A.B. v. Stanley Black & Decker, Inc.*, No. 4:16-CV-0319-HLM, 2017 WL 3525435, at *6 (N.D. Ga. Jan. 6, 2017).[4]

[4] Some courts have construed nominative fair use as an affirmative defense and therefore not appropriate for resolution at the motion to dismiss stage; however, as noted, the Eleventh Circuit has not adopted an approach. *Pergo (Eur.) A.B. v. Stanley Black & Decker, Inc.*, No. 4:16-CV-0319-HLM, 2017 WL 3525435, at *6 (N.D. Ga. Jan. 6, 2017) (collecting cases).

*B. Florida's Anti-SLAPP Statute*

Defendant argues that the Court should grant the motion to dismiss and award Defendants attorney's fees because Waste Pro's claims are barred by Florida's anti-SLAPP statute. Fla. Stat. § 768.295. The Court disagrees. Under Florida's anti-SLAPP statute, plaintiffs are prohibited from filing "any lawsuit . . . against another person or entity without merit and primarily because such person or entity has exercised the constitutional right of free speech in connection with a public issue . . . as protected by the First Amendment to the United States Constitution and s.5, Art. I of the State Constitution." Fla. Stat. § 768.295(3). Additionally, courts "shall award the prevailing party reasonable attorney fees and costs incurred in connection with a claim that an action was filed in violation of this section." Fla. Stat. § 768.295(4).

Based on the allegations in the complaint, the Court cannot find that Waste Pro's lawsuit as a whole is without merit under Florida's anti-SLAPP statute. *See, e.g., Pierre-Paul v. ESPN Inc.*, No. 16-21156, 2016 WL 4530884, at *2 (S.D. Fla. Aug. 29, 2016) (finding that the "suit plainly has merit since two of its original three counts remain" and therefore denying a request for attorney's fees under Florida's anti-SLAPP statute in a motion to dismiss); *Barbuto v. Miami Herald Media Co.*, No. 21-cv-20608, 2021 WL 4244870, at *4 (S.D. Fla. Sep. 17, 2021) (denying to

apply Florida's anti-SLAPP statute in a motion to dismiss because the court has not "made the finding that [p]laintiff's lawsuit as a whole is without merit").

Accordingly, the Defendants' Motion to Dismiss, ECF No. 12, is **DENIED**.

**DONE AND ORDERED** this 18th day of July 2023.

M. Casey Rodgers

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**